UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VERN RAMON LOCKRIDGE,
owner of Close2DaEdge PC Technology Solution,

    Plaintiff,

  v.

PROGRESSIVE INSURANCE, and

LEGI MOTORS,

    Defendants.

18-CV-814
DECISION AND ORDER

---

  The pro se plaintiff, Vern Ramon Lockridge, has filed a complaint against Legi Motors and Progressive Insurance. He asserts claims in connection with damage to his vehicle that allegedly occurred when Legi Motors transported it. Docket Item 1 at 6. He also has moved to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 3, and he has asked this Court to appoint counsel for him, Docket Item 4.

  Because Lockridge meets the statutory requirements to proceed in forma pauperis under 28 U.S.C. § 1915(a), his motion is granted. As a result, the Court has screened the complaint under 28 U.S.C. § 1915(e). For the reasons that follow, Lockridge's claims are dismissed with prejudice.

**DISCUSSION**

**I.     IN FORMA PAUPERIS**

A party seeking to bring a civil action in federal court ordinarily is required to pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $50.  *See Wagoner v. Ciocca*, 2016 WL 5720827, at *1 (W.D.N.Y. Sept. 30, 2016).  But a litigant may ask to avoid the payments by moving for leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a)(1).

The court evaluates a litigant's financial status to determine whether he or she is eligible to proceed in forma pauperis under § 1915(a).[1]  To be eligible, an applicant must complete an affidavit demonstrating that he or she meets the requirements of § 1915(a).  More specifically, applicants are not required to "demonstrate absolute destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), but must establish that they cannot afford to pay for both the necessities of life and the costs of litigation.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Because Lockridge meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 3, he is granted permission to proceed in forma pauperis.  Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court screens the complaint.

---

[1] 28 U.S.C. § 1915 addresses leave to proceed in forma pauperis.  That section's requirement that "the prisoner" provide a statement of all assets that he or she possesses does not preclude non-prisoners from proceeding in forma pauperis in federal court.  *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997).  "Only prisoners, however, have the additional requirement of filing a prison trust account" statement under 28 U.S.C. § 1915(a)(2).  *Id.* at 277.

## II. SCREENING THE COMPLAINT

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Under § 1915, the court "shall dismiss the case at any time if the court determines that [it] . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "The settled rule is that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  But leave to amend a complaint should be denied if any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted)).

### A. The Complaint's Allegations

A liberal reading of the complaint here tells the following story.  Lockridge and Legi Motors, a company based in Cincinnati, Ohio, agreed that Legi Motors would

transport Lockridge's vehicle, a 2001 Mercedes-Benz CL500, from Columbus, Ohio, to 30 Fernhill St., Buffalo, New York. Docket Item 1 at 6, 15, 18. Legi Motors agreed to pick up the vehicle in Columbus on January 25, 2017. *Id.* Legi Motors is insured by Progressive Insurance. *Id.* at 8.

While Lockridge's vehicle was being transported, Legi Motors "somehow allowed [Lockridge's] vehicle to be vandalized." *Id.* at 6. $10,000 was stolen from the vehicle. *Id.* Lockridge "filed a claim against Progressive Insurance for the stolen money and they said that [he] must prove that [he] had the cash." *Id.* After the car arrived in Buffalo, the driver told Lockridge that "it looks like someone did something to the car." *Id.*

Lockridge's vehicle was damaged when it was being transported. *Id.* at 17. Specifically, the license plate molding was cracked, there was a "gash" on the driver's door, and there was missing caps on the bumpers. *Id.* Lockridge seeks to be compensated for both the damage and the stolen money.

**B.   Analysis**

    **1.   38 U.S.C. § 7316 Civil Negligence**

Lockridge asserts that the basis for federal question jurisdiction over his claims is civil negligence under 38 U.S.C. § 7316. Docket Item 1 at 3.

38 U.S.C. § 7316 does not authorize jurisdiction over Lockridge's (or over any) claim. That statute simply limits the scope of tort liability extended to medical personnel of the Veteran's Administration arising out of the course of their employment and performance of their professional duties. *Id.*; *see Benitez v. Presbiterian Hospital*, 539 F. Supp. 470, 472 (D. P.R. 1982) (describing purpose of predecessor statute to § 7316).

4

It provides that if a person seeks damages from the United States arising from the malpractice or negligence of a Veteran's Administration health care employee, that person may not also seek to recover against the individual employee. *Id.*

Lockridge does not seek relief against the United States, the Veteran's Administration, or any health care employee of the Veteran's Administration. Docket Item 1. Therefore, § 7316 has no bearing on his case and does not provide this Court with subject matter jurisdiction over his claims. And the Court knows of no other statute that might confer federal question subject matter jurisdiction.

### 2. Diversity Jurisdiction

Lockridge's complaint may raise state-law tort or contract law-based claims, and federal courts sometimes have the power to hear such claims between citizens of different states. *See* U.S. Const. Art. III, § 2; 28 U.S.C. § 1332. "In order to provide a neutral forum for what have come to be known as diversity cases, Congress has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. Citizens." *Estate of Gallo v. Bob Evans Restaurant*, 2019 WL 350163, *1 (W.D.N.Y. Jan. 29, 2019) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Id.* (quoting *Exxon Mobil*, 545 U.S. at 552).

Lockridge's claims, however, do not give this Court diversity jurisdiction. Although there may well be diversity of citizenship among the parties,[2] Lockridge contends that the amount in controversy is only $15,000. Docket Item 1 at 4. Therefore, this Court does not have diversity jurisdiction over Lockridge's claims.

## CONCLUSION

Lockridge has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required affidavit. The Court therefore grants his request to proceed in forma pauperis.[3] But this Court lacks jurisdiction to proceed further. Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal. *See Abbas*, 480 F.3d at 639. But because leave to amend the pleading would be futile for

---

[2] The complaint suggests that Lockridge is a citizen of New York, Legi Motors is a citizen of Ohio, and Progressive Insurance is an Ohio corporation with a principal place of business in Ohio. Docket Item 1 at 1-2, 8, 15.

[3] Although the Court lacks jurisdiction over Lockridge's civil action, the Court nonetheless must grant his in forma pauperis motion before making that determination. Statutes that give the Court subject matter jurisdiction, such as 28 U.S.C. § 1331 and § 1332, grant district courts "original jurisdiction over all *civil actions*" in certain contexts. (emphasis added). But 28 U.S.C. § 1914 and § 1915 clarify that no civil action even exists until *either* a plaintiff pays the required filing and miscellaneous fees, § 1914, *or* a court grants a plaintiff's motion to proceed without paying those fees, § 1915. *See* § 1914 ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding . . . to pay a filing fee"); § 1915 ("any court of the United States may authorize *the commencement* . . . of any suit, action or proceeding, . . . without prepayment of fees") (emphasis added). *See also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)) ("It has long been the case that 'the jurisdiction of the court depends upon the state of the things at the time of the action brought'"). So by granting the plaintiff's motion for in forma pauperis status, the Court authorizes the commencement of the action, which the Court then finds it has no jurisdiction to entertain.

the reasons stated above, this Court dismisses Lockridge's claims with prejudice under § 1915(e). *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## **ORDER**

In light of the above, it is ORDERED that Lockridge's motion to proceed in forma pauperis, Docket Item 3, is GRANTED; and it is further

ORDERED that Lockridge's claims are dismissed with prejudice, and his motion to appoint counsel, Docket Item 4, is therefore moot.

SO ORDERED.

Dated: February 21, 2019
           Buffalo, New York

        *s/ Lawrence J. Vilardo*
        LAWRENCE J. VILARDO
        UNITED STATES DISTRICT JUDGE